THE STATE, EX REL. BURNETT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Burnett, *v.* Indus. Comm. (1983), 6 Ohio St. 3d 266.]

(No. 82-1254—Decided August 24, 1983.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. John F. Livorno,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James E. Davidson,* for appellees Industrial Commission et al.

*Mr. David A. Dachner* and *Mr. Richard J. Giovanetti,* for appellee Peck-Hannaford & Briggs Co.

*Per Curiam.* The court of appeals denied the writ for the reason that "* * * there is no evidence showing that he [Burnett] was exposed to causative factors while employed by respondent, Peck-Hannaford & Briggs Co., his last employer, as required by *State, ex rel. The Hall China Co.,* v.

*Indus. Comm.* (1962), 120 Ohio App. 374 [27 O.O.2d 304]." The court's interpretation of *Hall China* was incorrect. That decision does not require a claimant to prove injurious exposure at the last place of employment. The court therein held that *an* injurious exposure was a prerequisite to the allowance of an occupational disease claim; and that proof of such exposure with the last employer was a sufficient basis for the award even though other employments may have contributed to the occupational disease.

Though the basis for the court of appeals' decision was erroneous, it is well-recognized that mandamus does not lie where the relator has an adequate remedy at law. R.C. 2731.05; *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 123 [16 O.O.3d 143]; *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, 132 [43 O.O.2d 238].

The order complained of herein involves appellant's right to participate in the fund and is thus appealable under R.C. 4123.519. Currently pending are two appeals pursuant to R.C. 4123.519, wherein all of the issues raised herein can be adjudicated. Appellant's concern that the failure to name the appropriate employer will defeat her appeal is unfounded. The right at issue in the appeal is the right to participate in the state fund and not a claim directed against a particular employer. The appeal proceeding is a trial *de novo* and the Civil Rules apply. By discovery and joinder, the proper employers can be ascertained and made parties, if necessary.

For the reason that appellant has an adequate remedy at law by way of appeal, we affirm the judgment of the court of appeals denying the writ requested.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.