**GRADWELL, ADMR., Appellant,**

v.

**A.S. HELBIG CONSTRUCTION COMPANY et al., Appellees.**

[Cite as *Gradwell v. A.S. Helbig Constr. Co.* (1989), 62 Ohio App.3d 197.]

Court of Appeals of Ohio,
Summit County.

No. 13942.

Decided June 7, 1989.

*David A. Sierleja* and *Robert E. Sweeney*, for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *William N. O'Neill*, Assistant Attorney General, for appellee Industrial Commission.

*John N. Childs, Michael A. Tramonte* and *J. William Petro*, for appellees A.S. Helbig Construction Co. et al.

---

*Per Curiam.*

Appellant, Mary Jane Gradwell, appeals from the order of the trial court dismissing appellees, W.G. Lockhart Construction Co. and W.E. Plechaty Co. from the action. We reverse and remand.

This case began as a claim for death benefits filed by appellant with the Ohio Bureau of Workers' Compensation on June 11, 1985, following the death of her husband, James Gradwell. James, who had been diagnosed as suffering from malignant mesothelioma as a result of having been exposed to asbestos, died on December 31, 1984.

Appellant's application for death benefits named A.S. Helbig Construction Co. as James' last employer. The application also listed W.G. Lockhart Construction Co. as one of James' employers during the five years preceding his death.

The district hearing officer found that James' death was the result of an occupational disease and determined that appellant was entitled to participate in the state fund. The Canton Regional Board of Review affirmed the district hearing officer's decision. A.S. Helbig's appeal from this order was refused by the Industrial Commission.

A.S. Helbig appealed the board of review's decision to the trial court. Appellant, as required by R.C. 4123.519, timely filed a petition showing a cause of action to continue participating in the Workers' Compensation Fund and named A.S. Helbig as James' employer. On October 5, 1987, appellant filed a motion to join W.E. Lockhart and W.E. Plechaty as necessary parties. The motion was granted.

On November 16, 1988, W.G. Lockhart filed a motion to dismiss, which was subsequently joined by W.E. Plechaty, for the reason that W.G. Lockhart had not been a party to the administrative proceedings. The trial court granted the motion to dismiss, ruling that appellants' claims against W.G. Lockhart and W.E. Plechaty were barred by the two-year statute of limitations prescribed in R.C. 4123.85.

### Assignment of Error

"The trial court erred in granting defendants' motion to dismiss based on the running of the statute of limitations where claimant-appellant timely filed an application to participate in the Workers' Compensation fund with the Ohio Industrial Commission."

It is undisputed that appellant attempted to join W.G. Lockhart and W.E. Plechaty as necessary parties more than two years after James' death. The Ohio Supreme Court, however, has recognized that a claimant may add additional employers for the first time at the trial court level, even after the limitations period has expired. *State, ex rel. Burnett, v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 268, 6 OBR 332, 334, 452 N.E.2d 1341, 1343.

*Burnett*, a *per curiam* decision, involved a petition for writ of mandamus to compel the Industrial Commission to conduct an investigation to determine whether *Burnett* had been exposed to asbestos during any employment prior to his death. The Supreme Court held that a writ of mandamus would not issue because *Burnett* had an adequate remedy at law through appeal.

The *Burnett* court also stated:

" * * * The right at issue in the appeal is the right to participate in the state fund and not a claim directed against a particular employer. The appeal proceeding is a trial *de novo* and the Civil Rules apply. By discovery and joinder, the proper employers can be ascertained and made parties, if necessary." 6 Ohio St.3d at 268, 6 OBR at 334, 452 N.E.2d at 1343.

Presumably the newly named employers would also have the right of discovery and the opportunity to contest in the trial *de novo* the claimant's right to participate in the fund.

Although we recognize the procedural anomalies created by *Burnett*, we must apply the law as pronounced by the Supreme Court. Accordingly, we hold that appellant may join W.G. Lockhart and W.E. Plechaty as parties.

The judgment of the trial court is reversed.

*Judgment reversed.*

MAHONEY, P.J., QUILLIN and REECE, JJ., concur.