## Bagin v. IRC Fibers Co.
*[Cite as 8 AOA 610]*

*Case No. 90-L-14-012*
*Lake County, (11th)*
*Decided December 31, 1990*

*Scott I. Levey, The Illuminating Building, #2020, 55 Public Square, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*William Michael Hanna and Susan C. Hastings, 1800 Huntington Building, Cleveland, Ohio 44115, for Plaintiff-Appellee, IRC Fibers Company.*

CHRISTLEY, P.J.

From 1949 to 1967, appellant's deceased husband, John Bagin, was employed by IRC Fibers Division. During the time the appellant's husband was employed, IRC Fibers Division was an unincorporated business owned and operated by Midland-Ross Corporation. Approximately two years after the appellant's husband ceased employment with IRC Fibers Division, Midland-Ross sold the assets of IRC Fibers Division to American Cyanamid Company. Those assets were transferred to a newly incorporated subsidiary called IRC Fibers Co.

In 1985, appellant Norma Bagin, alleged that her husband's death on May 3, 1983 was due to a degenerative disease of the brain and central nervous system caused by exposure to

an inhalation of carbon disulphide while in the course and scope of his employment. Being totally dependent on her husband for support, appellant filed an application for payment of compensation, which was assigned claim #OD-23446-22. Appellee appealed the award granted by the Bureau of Workers' Compensation and the Industrial Commission of Ohio to the Court of Common Pleas, Lake County, Ohio. In that court's opinion, granting appellee's motion for summary judgment, it stated that appellee was not the employer of appellant's husband since the company had been transferred, and, pursuant to the sales contract American Cyanamid was indemnified from all legal obligations incurred before the transfer from Midland-Ross Corporation. It is from this judgment that appellant is now appealing alleging the following assignments of error.

"1. The trial court erred in finding no genuine issue of material fact when all evidence is construed in a light most favorable to plaintiff with regard to the issue of the identity of Mr. Bagin's employer.

"2. The trial court erred in granting IRC Fibers Company's motion for summary judgment where its argument of the lack of an employment relationship should be barred by the principal of equitable estoppel.

"3. The trial court erred in not holding that there was an issue of material fact relation to the application of the doctrine of 'apparent authority' against appellee who held itself out to be one and the same entity as the IRC Fibers Company owned by the Midland-Ross Corporation.

"4. The trial court erred in failing to rule that Ohio Revised Code Section 4123.82 acted to bar appellee's purchase agreement as a contractual attempt to indemnify an employer against liability for the payment of workers' compensation premiums."

In appellant's first assignment of error, she raised the question as to whether the trial court erred in finding no genuine issue of material fact when all evidence was construed in a light most favorable to appellant with regard to the issue of the identity of the deceased's employer.

"*** Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ. R. 56(C).

"Summary judgment should be used cautiously so as not to usurp a litigant's right to trial where conflicting facts and inferences are present. Inferences drawn from underlying facts must be viewed in the light most favorable to the party opposing a summary judgment motion. (*Hounshell v. American States Ins. Co.,* 67 Ohio St. 2d 427 [21 O.O 3d 267], followed.)" *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, paragraph one of the syllabus.

The crucial question in this case boils down to whether an employee-employer relationship existed between appellee and appellant's husband. Employer is defined by R.C. 4123.01(B) as:

"*** (2) Every person, firm, and private corporation, including any public service corporation, that (a) has in service one or more workmen or operatives regularly in the same business or in in or about the same establishment under any contract of hire, express or implied, oral or written, or (b) is bound by any such contract of hire or by any other written contract, to pay into the insurance fund the premiums provided by Chapter 4123, of the Revised Code. ***"

In appellant's response to appellee's motion for summary judgment, she swore in her affidavit that "to the best of [her] recollection, the name of the payor on the checks was IRC Fibers Company of Painesville." Additionally, in the joint answer of the administrator of the industrial commission and the industrial commission, they admit appellant's husband was employed with IRC Fibers Company from 1949 to 1967.

Although appellant correctly cites *Coviello v. Industrial Commission* (1935), 129 Ohio St. 589, for the proposition that, in order

for an employer-employee relation to exist, there must be an implied or expressed contract of hire, appellee's signing of appellant's husband's paychecks is sufficient at least to imply such a relationship.

Furthermore, the sales contract before the court of common pleas leaves a question on which reasonable minds could differ as to whether appellee was appellant's decedent's employer. Although appellee argues that Section 2.4 of the purchase agreement stating appellee "shall not assume *** any liability" relieved it of liability, this same agreement supports the finding appellee is or could be liable.

Appellee is correct that, as a general proposition, a success or corporation does not assume the predecessor's obligations. *Flaugher v. Cone Automatic Machine Co.* (1987), 30 Ohio St. 3d 60. However, there are four well-recognized exceptions to this rule:

"(1) the buyer expressly or impliedly agrees to assume such liability;

"(2) the transaction amounts to a *de facto* consolidation or merger;

"(3) *the buyer corporation is merely a continuation of the seller corporation;* or

"(4) the transaction is entered into fraudulently for the purpose of escaping liability." *Flaugher, supra,* at 62. (Emphasis added and citations omitted). See also, Ohio Adm. code 4121-7-03.

The gravamen of the "mere continuation" exception is whether there is a continuation of the corporate entity. Indicia of the continuation of the corporate entity would include the same employees, a common name, the same product, the same plant. *Id.* at 64-65.

The facts in this case fall within this third exception. A perusal of the purchase agreement attached to appellee's motion for summary judgment supports this finding. Appellee purchased I.R.C. Fibers Division "*** as an ongoing concern ***" and continued to do business under substantially the same name. Furthermore, the business continued to operate at the same location, and kept the same employees. This evidence could support a finding that the purchasing corporation. was merely a continuation of the selling corporation.

Appellee argues that the provision in the purchase agreement stating appellee would "not assume or otherwise be obligated to pay, perform or discharge any liabilities whether fixed, contingent or otherwise or obligations of Midland-Ross or the Division incurred or accrued prior to the date of Closing," protects them from liability. However, appellee cannot contract out of, and thus defeat the rights of third persons not party to the contract. R.C. 4123.82 does not stand for this proposition as claimed by appellant. There are also strong arguments which can be made that such contract provisions are not enforceable as a matter of public policy against third persons.

Moreover, the question as to which employer is to be charged is not a question appropriate for an appeal. *City of Youngstown v. DeSalle* (Jun. 23, 1987), Mahoning App. No. 86 C.A. 177, unreported at 1. R.C. 4123.519 (C) prescribes the determination to be made in the Common Pleas Court:

"*** The court, and the jury under the instructions of the court, if a jury is demanded, shall determine the *right of the claimant to participate* or to continue to participate in the fund upon the evidence adduced at the hearing of the action." (Emphasis added.)

As stated in *DeSalle, supra,* at 2, the courts have no liberality to go beyond what has been specifically prescribed by the legislature.

Furthermore, the Ohio Supreme Court has held:

"Appellant's concern that failure to name the appropriate employer will defeat her appeal is unfounded. The right at issue in the appeal is *the right to participate in the state fund and not a claim directed against a particular employer."* *State, ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St. 3d 266, 268. (Emphasis added.)

If it is determined that a necessary party has not been joined, "a claimant may add additional employers for the first time at the trial court level, even if the limitations period has expired." *Gradwell v. A.S. Helbig Construction* (Jun. 7, 1989), Summit App. No. 13942, unreported, at 3, citing *Burnett, supra.*

Although the record is void in the present case of any attempt to join another party, the above case law is still helpful in that is expresses the intent of R.C. 4123.519. The purpose is to determine whether a claimant has a right to participate in the fund rather than to determine a claim against a particular employer.

Therefore, between the purchase agreement and appellant's affidavit, reasonable

minds could come to the conclusion that appellee was the decedent's employer. As such, the trial court should not have granted summary judgment.

Appellant's first assignment has merit.

The second assignment raised by the appellant was that the trial court erred in granting IRC Fibers Company's motion for summary judgment where its argument of the lack of an employment relationship should be barred by the principal of equitable estoppel. As appellant correctly notes, a reviewing court "will not ordinarily consider a claim of error which is neither raised nor considered by the court below." *Egan v. National Distillers & Chemical Corp.* (1986), 25 Ohio St. 3d 176; *Hoffecker v. Great Lakes Mall, Inc.* (Oct. 13, 1989), Lake App. No. 88-L-13-132, unreported at 3-4. ("Under Ohio law however, a party may not assert a new legal theory for the first time before the appellate court.")

Since the record before this court is void of any reference to appellant's equitable estoppel theory, this court will not consider it at this level. Accordingly, appellant's second assignment is without merit.

Similarly, in appellant's third assignment, she contends that the trial court erred in not holding that the doctrine of apparent authority applied. In making this argument, appellant maintains that, since the company operated under the same name and at the same location as when appellant's husband worked for IRC Fibers Division coupled with appellee's failure to raise the purchase agreement with Midland-Ross until late in the claim process, the doctrine of apparent authority should bar appellee from asserting that it was not the deceased's employer.

As in appellant's second assignment, this is the first time appellant has advanced this theory. "*** a party may not assert a new legal theory for the first time before the appellate court." *Hoffecker, supra; Egan, supra.* Therefore, the third assignment is without merit.

Appellant's final assignment argues the trial court erred in failing to rule that R.C. 4123.82 acted as a bar to appellee's purchase agreement as a contractual attempt to indemnify an employer against liability for the payment of Workers' Compensation premiums.

Appellee correctly asserts that R.C. 4123.82, voiding contracts indemnifying employers, does not apply to it because that provision applies only to an employer's right to seek reimbursement from third-party tortfeasors or insurers. It has no application to a buy/sell agreement. As was previously stated, public policy prevents the enforcement of a contract provision which attempts to defeat the rights of a third person not a party to the contract against either maker of the contract.

Thus, this fourth assignment is without merit.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MAHONEY, J., and FORD, J., concur.