Plaintiff-appellant, Joseph DuBoe, appeals from a jury verdict in favor of DuBoe's employer, defendant-appellee Accurate Fabrication, Inc. ("Accurate"), finding that DuBoe was not entitled to participate in the Workers' Compensation Fund. For the following reasons, we affirm.
DuBoe initiated this workers' compensation matter by filing a claim with the Bureau of Workers Compensation (the "Bureau") for injuries resulting from a March 15, 1995 work-place incident in which white dust allegedly containing asbestos was blown into DuBoe's face for a period of approximately five to ten seconds. On May 6, 1995, the Bureau granted DuBoe's application for benefits for "respiratory conditions due to other specified external agents." Accurate appealed and on June 28, 1995, an Industrial Commission district hearing officer affirmed DuBoe's claim but modified it to apply to the condition of "chemically induced bronchitis, affecting both lower and upper airways." On November 17, 1995, a staff hearing officer affirmed the district hearing officer's order, and on December 20, 1995, the Industrial Commission denied Accurate's appeal.
On February 23, 1996, Accurate appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512(A). On April 5, 1996, in response to Accurate's appeal and pursuant to R.C. 4123.512(D), DuBoe filed a complaint asking that the order of the Industrial Commission be affirmed and that he be granted the right to participate in the Workers' Compensation Fund for "respiratory conditions due to other specified external agents (508.8) and/or chemically induced bronchitis affecting lower and upper airways."
On October 8, 1997, the case was transferred to a visiting judge for trial, and on that date, a jury trial commenced. On October 13, 1997, a mistrial was entered due to a hung jury.
On May 11, 1998, a second jury trial commenced before the originally assigned judge. On May 15, 1998, the jury rendered a verdict in favor of Accurate, specifically finding that DuBoe was not entitled to participate in the Workers' Compensation Fund. On June 2, 1998, the trial court entered judgment accordingly. It is from this judgment entry that DuBoe appeals, raising the following seven assignments of error:
 1. THE TRIAL COURT ERRED IN ADMITTING THE ENTIRE OCTOBER 14, 1975 LETTER OF DR. THOMAS MAIN.
 2. THE TRIAL COURT ERRED IN ALLOWING CERTAIN MEDICAL TESTIMONY WHICH REFERENCED THE OPINION PORTION OF DR. MAIN'S OCTOBER 14, 1975 LETTER.
 3. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE "LAST INJURIOUS EXPOSURE" RULE.
 4. THE TRIAL COURT ERRED IN ITS ADMISSION OF PLAINTIFF'S CRIMINAL CONVICTION FOR NONPAYMENT OF CHILD SUPPORT.
 5. THE TRIAL COURT ERRED IN PERMITTING USE OF A TRANSCRIPT OF A DEPOSITION PLAINTIFF GAVE IN A SEPARATE LAWSUIT WHICH WAS NOT FILED IN THIS ACTION.
 6. THE VERDICT IS IN ERROR AS BEING THE PRODUCT OF INAPPROPRIATE CONDUCT BY DEFENSE COUNSEL IN STATING THAT PLAINTIFF HAD PENDING SEPARATE LITIGATION AGAINST OTHER PARTIES CONCERNING THE INCIDENT WHICH WAS THE SUBJECT MATTER OF THIS ACTION.
 7. THE EFFECT OF THE ERRORS ADDRESSED IN ASSIGNMENTS OF ERROR ONE THROUGH SIX, EVEN IF DEEMED INSUFFICIENT BY THEMSELVES TO CONSTITUTE REVERSIBLE ERROR, CUMULATIVELY CAUSED PREJUDICIAL ERROR TO PLAINTIFF-APPELLANT.
In his first assignment of error, appellant contends that the trial court erred in admitting a portion of Defendant's Exhibit 6, an October 14, 1975 letter drafted by one of appellant's treating physicians, Dr. Thomas Main. In particular, appellant challenges the portion of the letter in which Dr. Main states that appellant's chronic laryngitis "is due to cigarette smoking and voice abuse." Appellant contends that this portion of the letter contains medical opinion of a nontestifying witness and therefore constitutes inadmissible hearsay. See Lambert v. Goodyear Tire Rubber Co. (1992), 79 Ohio App.3d 15, 21-22. Appellant contends that although the trial court properly instructed the jury that the letter could be used only to show that appellant smoked in 1975 and not for the medical opinion contained therein, the limiting instruction could not cure the otherwise prejudicial impact of the statement. We disagree.
Evidence that is inadmissible for one purpose may be admissible for another purpose. State ex rel. Brown v. DaytonMaleable Inc. (1982), 1 Ohio St.3d 151, 156. Here, while arguing that the admission of the letter was unnecessary to prove that he smoked since he admitted as such though his testimony and other documentary evidence, appellant does not argue that the letter was otherwise inadmissible for this limited purpose. Where evidence is admitted for one purpose but inadmissible for other purposes, the risk that the evidence will be used for its improper purpose can generally be cured by a limiting instruction explaining the proper use of such evidence. See Evid.R. 105; Hubner v. Sigall
(1988), 47 Ohio App.3d 15, 21; State v. Blevins (1987), 36 Ohio App.3d 147,150. Moreover, we must presume that the jury followed the instructions given to it by the trial court. Pang v. Minch
(1990), 53 Ohio St.3d 186, paragraph four of the syllabus. Thus, absent some indication that the jury disregarded the instruction or unless the limiting instruction is incomplete or clearly inadequate, we will not find prejudicial error in the admission of the challenged evidence. See State v. Holt (Aug. 20, 1998), Franklin App. No. 97APA10-1361, unreported (1998 Opinions 3011, 3017-3018) (court must assume that the challenged statements were received and utilized by the jury only for proper purposes); Statev. Fleming (Apr. 22, 1997), Franklin App. No. 96APA08-1069, unreported (1997 Opinions 1415, 1437) (absent indication from the record that the jury failed to follow curative instruction, appellant could not show that alleged error was prejudicial);State v. D.J. Master Clean, Inc. (1997), 123 Ohio App.3d 388,393-394 (even though admission of relevant evidence "created a considerable risk of unfair prejudice" to the complaining party, no abuse of discretion given the trial court's "clear and exacting limiting instruction"); cf. State v. Faris (Mar. 24, 1994), Franklin App. No. 93APA08-1211, unreported (1994 Opinions 1248, 1253 (abuse of discretion existed when limiting instructions was "inadequate and incomplete" because it failed to instruct the jury that evidence could only be used for the proper purpose).
Here, the trial court specifically and clearly instructed the jury as to the limited purpose of Dr. Main's letter. In particular, the trial court instructed the jury that the letter was admitted into evidence "simply as proof on the issue of whether Mr. DuBoe was a smoker in 1975" and that the jury was not to consider Dr. Main's opinion as to the cause of appellant's chronic laryngitis in 1975. (Tr. at 347.) Nothing in the record indicates that the jury disregarded this instruction. Moreover, the prejudicial nature of Dr. Main's opinion (i.e., a twenty-year-old diagnosis of a medical condition not at issue in the case) is limited. Given these factors, we cannot find that the trial court abused its discretion in admitting the letter. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court erred in allowing appellee to refer to Dr. Main's October 14, 1975 letter in cross-examining appellant's treating physician and expert witness, Dr. William Chinn. Given our disposition of appellant's first assignment of error in that the trial court did not abuse its discretion in admitting the letter itself for the purpose of showing the appellant smoked in 1975, we find no abuse of discretion in allowing the appellee to refer to the letter in cross-examining Dr. Chinn for the very same purpose. Appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant contends that the trial court erred when it failed to instruct the jury on the "last injurious exposure" rule. Under the general statement of this rule, the last employer that subjected a claimant to an "injurious exposure" bears the full costs of the claimed occupational disease or condition even if prior employment and exposure may have contributed to the condition. See State ex rel.Burnett v. Indus. Comm. (1983), 6 Ohio St.3d 266. Because Accurate elicited testimony at trial indicating that DuBoe had been exposed to dust, chemicals, and asbestos in his prior jobs, appellant contends that the trial court should have given appellant's proposed instruction informing the jury that such evidence did not bar his workers' compensation claim against Accurate as long as his exposure to asbestos at Accurate contributed to his condition.
Appellee counters that appellant failed to preserve this assignment of error by failing to object to the trial court's jury instructions below. Alternatively, appellee contends that a "last injurious exposure" instruction was not warranted because DuBoe denied that he suffered from any occupational disease prior to his employment with Accurate and contended that he contracted his occupational disease solely as a result of the five to ten second exposure on March 15, 1995. We agree with appellee that appellant waived any alleged error in the jury instructions by failing to raise an objection to the trial court's omission of the proposed instruction on the record.
Civ.R. 51(A) provides that "[o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Thus, the "fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210. Appellant concedes that he did not object to the jury instruction on the record in accordance with the requirements of Civ.R. 51(A).
Appellant contends, however, that his failure to raise an objection on the record falls within the exception to the waiver rule found in Presley v. Norwood (1973), 36 Ohio St.2d 29. In Presley, the Ohio Supreme Court held that "[w]here the record affirmatively shows that a trial court has been fully appraised of the correct law governing a material issue in dispute, and that the complaining party has unsuccessfully requested the inclusion of that law in the trial court's charge to the jury, such party does not waive his objections to the court's charge by failing toformally object thereto." Presley, supra, paragraph one of the syllabus (emphasis sic). As noted by the court, once a party makes his position sufficiently clear to the trial court such that the court has an opportunity to correct a mistake or defect in the charge, the rationale for a formal objection as required by Civ.R. 51(A) is no longer present. Id. at 33; see, also, State v. Wolons
(1989), 44 Ohio St.3d 64, 67 (applying Presley exception to criminal defendant's failure to formally object under the mandates of Crim.R. 30[A]). According to appellant, Presley stands for the proposition that error is preserved anytime the trial court fails to instruct in accordance with an appellant's written proposed jury instructions.
We find, however, that Presley is not to be read so expansively. Rather, the fundamental purpose underlying Presley
and its progeny is to except those cases from the waiver rule when an objection on the record in accordance with Civ.R. 51(A) would have constituted a mere formality. The record must stillaffirmatively show, however, that the trial court was made fully aware of the proposed instruction and that appellant wasunsuccessful in convincing the trial court to give such aninstruction. Thus, Presley is most appropriately applied when the appellant formally requested a particular instruction and the transcript of the trial reflects that the issue had been argued to the trial court during a conference or hearing on the jury instructions. See, e.g., Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,61 (no waiver when appellant requested particular instruction and "trial court and counsel engaged in lengthy discussion regarding the proposed instructions at issue, making their positions clear to the trial court"); Wolons, supra, at 67 (no waiver when trial court and defendant's counsel had "an extensive discussion" of the proposed instruction and it was otherwise clear that trial court understood appellant's objection to the court's refusal to so instruct), or where only a vague or general objection is made but the specific grounds for such an objection are otherwise evident from the record. See, e.g., R.H.Macy Co. v. Otis Elevator Co. (1990), 51 Ohio St.3d 108.
Here, the transcript of the second trial contains no mention of the last injurious exposure issue in general, let alone appellant's proposed instruction thereon.[1] After the parties rested, the parties met with the trial court off the record to discuss the jury instructions. Appellant contends that during this off-the-record conference, the parties discussed the proposed last injurious exposure instruction, and the trial court specifically held that such an instruction would not be given. However, nothing memorializing this discussion or summarizing appellant's position was placed on the record. In fact, the record indicates that neither party had any objections to the instructions as given. After instructing the jury and conferring again with the parties off the record, the trial court specifically noted for the record that neither party had any additions or exceptions to the instructions as given.
Appellant correctly points out that he filed a motion with the trial court on July 15, 1997, requesting that the trial court instruct the jury on the last injurious exposure rule and that appellant also included an instruction consistent therewith in his proposed jury instructions filed on the day of the first trial. Appellant also cites Daratony v. Paul Revere Life Ins. Co. (Mar. 30, 1995), Franklin App. No. 94APE05-727, unreported (1995 Opinions 1385), in which this court applied Presley simply because appellant provided the trial court with written proposed jury instructions that were inconsistent with those given. However, considering the timing of appellant's submissions in this case (i.e., before the first trial held seven months earlier and presided over by a different judge) and the lack of any indication in the transcript of the second trial that appellant continued to seek the last injurious exposure instruction, we do not find that the result in Daratony necessarily follows here. In particular, we do not find that the record in this case affirmatively shows that appellant unsuccessfully sought inclusion of the proposed instruction at the second trial. As such, we cannot say that an objection by appellant on the record concerning the proposed last injurious exposure instruction would have been a mere formality. Appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant contends that the trial court erred in admitting evidence that appellant had been previously convicted of a crime. In particular, appellant contends that the trial court erred in allowing appellee to cross-examine appellant concerning his October 1995 conviction for nonpayment of child support, at the time a fourth degree felony punishable by imprisonment in excess of one year. Appellant argues that such evidence should have been excluded pursuant to the provisions of Evid.R. 403 and 609.
Evid.R. 609, which generally governs the admissibility of prior criminal convictions, provides in relevant parts as follows:
 (A) General rule. For the purpose of attacking the credibility of a witness:
 (1) subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted.
* * *
 (C) Effect of pardon, annulment, expungement, or certificate of rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction had been the subject of a pardon, annulment, expungement, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject to of a pardon, annulment, expungement, or other equivalent procedure based on a finding of innocence.
Appellant first submits that evidence of his October 1995 conviction should not have been admitted pursuant to this rule because in January 1997, the sentencing court granted appellant an early discharge from his original sentence of five years probation. According to appellant, this early termination constituted a "finding of rehabilitation" pursuant to Evid.R. 609(C). However, appellant did not object at the trial court to the admissibility of the conviction on this basis or present such evidence of rehabilitation to the trial court.[2] Rather, appellant objected to the admissibility only on the grounds that the prejudicial impact of admitting evidence of his conviction substantially outweighed its probative value and should have been excluded under Evid.R. 403. Thus, even assuming that appellant's early discharge from probation did constitute a finding of rehabilitation under Evid.R. 609(C) (an issue we specifically do not address), appellant waived this issue for appeal See Evid.R. 103(A)(1) (requiring that objection state the specific ground unless ground is apparent from the context); State v. Sibert
(1994), 98 Ohio App.3d 412, 422 (although appellant otherwise objected to the evidence several times, appellant waived any claim of error due to lack of foundation because appellant did not object on this basis at trial court).
Appellant also contends that the evidence of his prior conviction should not have been admitted under Evid.R. 609 because at the time of trial, the crime for which he was convicted was not punishable in excess of one year. Appellant correctly points out that the applicable criminal provision was amended effective July 1, 1996, to allow a maximum of one year imprisonment. Again, however, appellant waived this issue by failing to raise an objection below on these grounds. Moreover, the language of Evid.R. 609(A)(1) clearly indicates that the law "under which the witness was convicted" governs whether the conviction falls within the rule's requirements.
Finally, in accordance with his objection below, appellant argues that the evidence of his prior conviction for nonpayment of child support should have been excluded under the guidelines of Evid.R. 403. Under Evid.R. 403, otherwise relevant evidence must be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury," and otherwise relevant evidence may be excluded if its probative value "is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Appellant submits that evidence of a prior criminal conviction on a matter not concerning dishonesty has little to no probative value as to appellant's veracity but is highly likely to prejudice the jury against his case.
A trial court possesses broad discretion in determining whether evidence of a prior conviction punishable in excess of one-year should be admitted or excluded pursuant to Evid.R. 403.State v. Wright (1990), 48 Ohio St.3d 5, syllabus. Moreover, the language of Evid.R. 609(A)(1) clearly favors admissibility of a witness's prior "felony" conviction, even though the crime itself does not involve dishonesty. As stated by the Staff Note to the 1991 Amendment to the Rule:
 [A]dmissibility of prior convictions is more readily achieved for witnesses other than the accused. Evid.R. 403 requires that the probative value of the evidence be "substantially" outweighed by unfair prejudice before exclusion is warranted. In other words, Evid.R. 403 is biased in favor of admissibility.
Given this presumption in favor of admissibility, we do not find that the trial court abused its discretion in admitting evidence of appellant's conviction in this case. The questioning by appellee did not extend beyond the general nature of the crime, including the amount of nonsupport and the date of the conviction. The crime for which appellant was convicted did not factually relate to the issues presented in the case, and the trial court gave the jury a limiting instruction informing them that they could use such evidence only for purposes of judging appellant's credibility. In short, the record does not mandate a finding that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Accordingly, appellant's fourth assignment of error is not well-taken.
In his fifth assignment of error, appellant contends that the trial court erred in allowing the appellee to impeach appellant with excerpts from appellant's deposition taken in a different action. According to appellant, this use of the deposition should have been excluded because a copy of the deposition was not filed with the court at least one day prior to the trial as appellant claims is required under Civ.R. 32(A). Again, we disagree.
Civ.R. 32, entitled "Use of Depositions in Court Proceedings," provides in relevant part as follows:
 (A) Use of Depositions. Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.
 At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordnace with any one of the following provisions:
 (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
Appellant argues that the requirement in Civ.R. 32(A) that depositions be filed at least one day before trial applies to any use of a deposition at trial including those used solely for impeachment purposes, as in this case.
Ohio courts, including this court, have held, however, that a deposition of the witness need not be filed pursuant to Civ.R. 32(A) if it is used solely to impeach the witness with his or her prior testimony. See Patchett v. State Farm Insurance
(June 30, 1995), Lucas App. No. L-94-318, unreported; West v. Ross
(May 31, 1991), Ashtabula App. No. 90-A-1536, unreported; Lehlbachv. Pumphrey (Sept. 9, 1981), Lorain App. No. 3185, unreported;Cautela Brothers Cement Contractors v. McFadden (May 21, 1974), Franklin App. No. 73AP-377, unreported (1974 Opinions 1238). The rationale underlying these holdings is that the filing requirement of Civ.R. 32(A) only applies when the deposition is "intended to be presented as evidence," which does not include its use for solely impeachment purposes. See Lehlbach, supra, "[t]he deposition in question taken by counsel for the appellee was not offered as evidence but statements therein were used under the claim of impeachment."); West, supra ("[i]n the present case, appellee used appellant's prior statements not as evidence on the merits, but rather to contradict or impeach appellant.") The same rationale applies here, i.e., that appellee's use of plaintiff's deposition solely for impeachment purposes does not constitute being "presented as evidence," and as such, the deposition did not need to be filed in accordance with Civ.R. 32(A).
The cases cited by appellant are not to the contrary. Rather, appellant notes that in the context of taxing costs underCiv.R. 54(D), some courts had found that depositions used for impeachment purposes at trial are "introduced as evidence" for purposes of taxing costs. See, e.g., Koukios v. MarketingDynamics, Inc. (Sept. 7, 1994), Hamilton App. No. C-920913, unreported; but see Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342
(holding that there is not general statutory authority to award deposition expenses to the prevailing party under Civ.R. 54[D]). Appellant also cites Mitcler v. Kelderhouse Jackson,Inc. (Sept. 13, 1996), Sandusky App. No. S-95-051, unreported, in which the court held that the trial court improperly excluded ashearsay a deposition of a nontestifying expert that appellants wanted to use as substantive evidence and in impeaching atestifying witness, noting that Civ.R. 32(A) permits the late filing of a deposition for good cause shown. However, none of the cases cited by appellant stand for the proposition that Civ.R. 32(A) mandates that a deposition of a witness must be filed before it can be used solely for purposes of impeaching that witness.
We find, therefore, that the trial court did not err in allowing the use of appellant's deposition in this case, and appellant's fifth assignment of error is not well-taken.
In his sixth assignment of error, appellant contends that the "verdict is in error as being the product of inappropriate conduct by defense counsel." In particular, appellant argues that the counsel for appellees, by improperly mentioning that appellant's deposition had been taken in a separate, pending lawsuit against two other parties concerning the incident at issue in the trial, violated the principles associated with the collateral source rule.
We find, however, that regardless of whether or not counsel was improper in mentioning appellant's separate litigation, appellant has failed to show that the trial court committed any error in its treatment of the reference, let alone error prejudicial to appellant. When appellant objected to the reference by appellees' counsel below, the trial court sustained the objection and ordered that appellees' counsel refrain from any further reference to the separate litigation. Appellant never moved to strike the reference; nor did appellant move for a mistrial. Given these facts, we do not find any prejudicial error in this regard, and appellant's sixth assignment of error is not well-taken.
In his seventh assignment of error, appellant argues that the trial court's errors as alleged in his first six assignments of error, even if deemed insufficient by themselves to constitute reversible error, cumulatively amounted to prejudicial error. We have found, however, that the trial court committed no error in any of the particulars assigned. As such, appellant's seventh assignment is also not well-taken.
For the foregoing reasons, all seven of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and BROWN, JJ., concur.
[1] The record does not indicate whether the issue was addressed by counsel at the first trial or whether the instruction was given or not.
[2] On January 29, 1999, this court denied appellant's motion to supplement the record with a copy of the January 23, 1997 entry granting appellant an early discharge from probation.