STATE ex rel. VILLAGE OF OAKWOOD

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as State ex rel. Oakwood v. Indus. Comm., 190 Ohio App.3d 689, 2010-Ohio-5861.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–999.

Decided Dec. 2, 2010.

690

Reddy, Grau & Meek, and Paul A. Grau, Village of Oakwood Law Director; and Christopher R. Fortunato, for relator.

Richard Cordray, Attorney General, and Derrick Knapp, Assistant Attorney General, for respondent Industrial Commission of Ohio.

Elizabeth Krieder Wright, for respondent Kokosing Construction Co., Inc.

SADLER, Judge.

{¶ 1} Relator, the village of Oakwood, filed this original action seeking a writ of mandamus directing respondent, the Industrial Commission of Ohio, to vacate its order finding that relator is the correct employer in an industrial claim made by respondent-claimant Craig Ali and to enter an order naming respondent Kokosing Construction Co., Inc. as the correct employer.

{¶ 2} We referred this case to a magistrate of this court pursuant to Tenth District Loc.App.R. 12(M) and Civ.R. 53. On July 27, 2010, the magistrate issued a decision, a copy of which is attached to this decision as an appendix, recommending that we grant a writ directing the commission to vacate its order finding that relator is the correct employer and to enter a new order after conducting the proper analysis of all factors to be considered when determining the proper employer. The commission and Kokosing each filed objections to the magistrate's decision.

{¶ 3} On May 23, 2008, claimant, an Oakwood police officer, was injured while conducting traffic control at a construction site operated by Kokosing. Claimant was sitting in an Oakwood police cruiser when it was rear-ended by another vehicle. In the initial injury report, claimant named relator as his employer.

{¶ 4} On June 2, 2008, the Ohio Bureau of Workers' Compensation ("BWC") issued an order allowing the claim, naming relator, a state-fund employer, as the employer for purposes of the claim. On June 5, 2008, BWC issued another order stating that it had determined that relator was not the proper employer and that the claim would be placed instead against Kokosing, a self-insured employer. On June 6, 2008, BWC issued a third order stating that because Kokosing is a self-insured employer, BWC had no jurisdiction to make any determination regarding the claim.

{¶ 5} Kokosing refused to certify the claim, and the matter was referred to the commission for adjudication. After an October 1, 2008 hearing, a district hearing officer ("DHO") issued an order allowing the claim and naming Kokosing as the employer. After a December 8, 2008 hearing, a staff hearing officer ("SHO") issued an order vacating the DHO's order, finding that relator was the correct employer. The SHO cited evidence that relator had directed Kokosing to use relator's police officers for traffic control at the construction site, instead of Kokosing's following its usual practice of using Ohio State Highway Patrol officers for traffic control; Oakwood Police Sergeant Biggam identified claimant as an appropriate officer to perform the traffic-control duties and arranged for claimant's use of an Oakwood police cruiser while performing those duties; and claimant wore his police uniform while performing the duties. The SHO concluded that if claimant had not been an Oakwood police officer, he would not have

been present at the time of the injury giving rise to his claim, thus making relator the proper employer for purposes of the claim.

██ {¶ 6} In the first part of his decision, the magistrate discusses at some length the issue of whether identification of the proper employer for a claim is properly the subject of a mandamus action or whether mandamus is not a proper remedy in such cases because a de novo appeal filed under R.C. 4123.512 provides a plain and adequate remedy. The magistrate concluded that the mandamus action here is not barred by the existence of a plain and adequate remedy under R.C. 4123.512 and proceeded to consider the merits of the mandamus claim. None of the parties has taken issue with that portion of the magistrate's decision, and, finding no error, we adopt that portion of the magistrate's decision as our own.

{¶ 7} Regarding the merits of the claim, the magistrate considered the decision rendered by the Second District Court of Appeals in *Cooper v. Dayton* (1997), 120 Ohio App.3d 34, 696 N.E.2d 640. That case involved a dispute regarding the proper employer for workers' compensation purposes for a police officer injured while serving as a special duty officer at a grocery store. In determining what entity was the proper employer, the court set forth a "totality of the circumstances" test that included three specific circumstances: " '(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident.' " Id. at 41, quoting *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 444, 20 O.O.3d 376, 423 N.E.2d 96.

{¶ 8} The magistrate concluded that while it included some analysis relevant to the issue, the SHO's order neither mentioned the totality-of-the-circumstances test nor addressed any of the three factors identified in *Cooper* and *Lord*. Thus, the magistrate concluded that a writ of mandamus should be issued directing it to vacate its order determining relator to be the proper employer and to then issue an amended order specifically addressing the three *Cooper–Lord* factors.

{¶ 9} The commission and Kokosing each filed objections to the magistrate's decision. Both parties argue that the SHO's order did consider the totality of the circumstances in determining that relator was the proper employer and that the commission was not required to address each of the specific factors in reaching its decision. Additionally, both parties argue that because the SHO order cited some evidence in support of its conclusion and explained the reasoning for finding relator to be the proper employer for purposes of the industrial claim at issue here, the commission cannot be said to have abused its discretion.

██ {¶ 10} We agree with the objections made by the parties. There is no exhaustive list of factors to be used when determining whether an injury was

incurred in the course of, and arose from, a claimant's employment and thus is compensable under the workers' compensation system. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. We believe that this principle applies in cases such as this one, in which the issue is the identification of the proper employer. The three factors identified in *Lord* and *Cooper,* while helpful to making this determination, are not exhaustive, and we do not believe that the commission must be required to apply the factors in every case in which the identity of the correct employer is uncertain.

{¶ 11} In this case, the SHO did not specifically refer to the totality-of-the-circumstances test. However, a reading of the SHO's order shows that consideration was given to the circumstances regarding claimant's performance of traffic control. Specifically, the SHO cited the facts that claimant was selected for the traffic-control duty by virtue of his employment with the Oakwood Police Department, that claimant was provided an Oakwood police cruiser to sit in while performing this duty, and that claimant wore his Oakwood police uniform while performing traffic control. The SHO concluded that these facts were sufficient to establish that but for claimant's employment by the Oakwood Police Department, he would not have been present at the scene of the accident.

{¶ 12} The facts cited by the SHO constituted some evidence to support the conclusion that relator was the proper employer for purposes of claimant's industrial claim. Thus, the commission did not abuse its discretion when it issued its order making that finding. Consequently, relator has not shown that it is entitled to the requested writ of mandamus.

{¶ 13} Accordingly, we adopt that part of the magistrate's decision concluding that an action seeking a writ of mandamus was not barred by the existence of a plain and adequate remedy at law, but reject that part of the magistrate's decision recommending that we issue a writ of mandamus directing the commission to vacate its order and to issue a new order after making additional findings. Accordingly, the objections filed by the commission and Kokosing are sustained, and relator's request for a writ of mandamus is denied.

*Objections sustained;*
*and writ of mandamus denied.*

McGRATH and CONNOR, JJ., concur.

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Village of Oakwood

v.

Industrial Commission of Ohio et al.

No. 09AP–999

(REGULAR CALENDAR)

MAGISTRATE'S DECISION

Rendered on July 27, 2010

Reddy, Grau & Meek, and Paul A. Grau, Village of Oakwood Law Director; and Christopher R. Fortunato, for relator.

Richard Cordray, Attorney General, and Derrick Knapp, Assistant Attorney General, for respondent Industrial Commission of Ohio.

Elizabeth Krieder Wright, for respondent Kokosing Construction Co., Inc.

IN MANDAMUS

{¶ 14} In this original action, relator, the village of Oakwood, requests a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate that portion of its order finding that relator is the correct employer in the industrial claim and to enter an amended order finding that respondent Kokosing Construction Co., Inc., is the correct employer.

Findings of Fact:

{¶ 15} 1. On May 23, 2008, claimant-respondent Craig Ali, an Oakwood police officer, was injured while performing traffic control at a highway construction site operated by Kokosing. On that date, an Oakwood police cruiser in which claimant was sitting was rear-ended by another vehicle.

{¶ 16} 2. On the "First Report of an Injury, Occupational Disease or Death" form, claimant named the Oakwood Police Department as his employer.

{¶ 17} 3. On June 2, 2008, the Ohio Bureau of Workers' Compensation mailed a letter or order to claimant informing him that the claim was allowed. The letter/order listed "Oakwood Village" as the employer. Oakwood is a state-fund employer.

{¶ 18} 4. On June 5, 2008, the bureau mailed another letter/order to claimant and Oakwood, stating:

We have established that charges for the above claim number were applied to your risk account in error Oakwood Village risk 31815803–0. These charges were removed from your policy number and placed against the correct employer Kokosing Construction Co.

{¶ 19} 5. On June 6, 2008, the bureau mailed yet another letter/order. This letter/order was apparently mailed to claimant and Kokosing, which is a self-insured employer. The letter/order states:

The previous BWC order dated 06/03/2008 [sic], is being vacated due to the claim above being assigned to the incorrect employer's BWC risk policy in error. The correct employer is Self Insured, meaning the employer is responsible for the management of their Worker[s'] Compensation claims.

Therefore[,] BWC does not have the jurisdiction to make determination regarding your claim. Please contact your employer with any questions pertaining to your claim.

This decision is based on:

BWC guidelines for Self Insured employers.

{¶ 20} 6. On June 16, 2008, Kokosing refused to certify the industrial claim.

{¶ 21} 7. On June 30, 2008, the bureau mailed notice to claimant and Kokosing that the industrial claim was being referred to the commission for adjudication.

{¶ 22} 8. Following an October 1, 2008 hearing, a DHO issued an order allowing the claim and naming Kokosing as the employer. The DHO's order explains:

[T]he Injured Worker sustained an injury in the course of and arising out of employment described as follows: Injured Worker was working traffic control when his vehicle was struck by a second motor vehicle. Injured Worker is specifically found to have been an employee of Kokosing Construction Company, Inc. at the time of the incident.

* * *

Injured Worker described being paid by Kokosing Construction via check with their name on it, assigned to his work by them, and directed as to his duties by them. Although Injured Worker wore his Oakwood Village police officer uniform and sat in the Village cruiser, the Oakwood Village Law Director testified that Kokosing leased the vehicle for the duration of the Injured Worker's need of it. Examining the totality of the circumstances persuades the Hearing Officer that Kokosing Construction Company, Inc. was the Injured Worker's employer on the date of injury in this claim.

{¶ 23} 9. Kokosing administratively appealed the DHO's order of October 1, 2008.

{¶ 24} 10. Following a December 8, 2008 hearing, an SHO issued an order that vacates the DHO's order of October 1, 2008. The SHO's order finds that the correct employer is Oakwood, rather than Kokosing. The SHO's order explains:

The Staff Hearing Officer finds that claimant was injured while working traffic control on 05/23/2008 when his police cruiser was struck by another vehicle. * * *

The Staff Hearing Officer finds that the correct employer herein is Oakwood Village and not Kokosing Construction. Per the unrefuted testimony of Kokosing supervisor Mr. Schloss, Kokosing Construction was directed by Sergeant Biggam of the Oakwood Village Police Department to utilize Oakwood Village police officers for traffic control duties within the geographic boundaries of Oakwood Village and to not follow Kokosing's usual practice of using Ohio State Highway Patrol officers for such duties. Sergeant Biggam identified claimant as an officer appropriate for such duty and arranged for claimant's use of an Oakwood village police cruiser during his activities relative to traffic control at the Kokosing Construction job site. Claimant wore his Oakwood Village police uniform and was at the site of the accident for purposes of maintaining traffic control, an activity not performed by Kokosing Construction. Claimant would not have been engaged in traffic control functions on 05/23/2008 were he not an Oakwood Village police officer, in uniform and in a police cruiser, having been specifically authorized to engage in such activity by his usual employer, Sergeant Biggam/Oakwood Village.

{¶ 25} 11. On January 29, 2009, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of December 8, 2008.

{¶ 26} 12. On October 26, 2009, Oakwood filed this mandamus action.

Conclusions of Law:

{¶ 27} It is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.

{¶ 28} At the outset, the magistrate notes that respondents have not taken issue with the following legal proposition set forth by relator in its brief:

An issue regarding who the proper employer should be is an issue to be decided in a mandamus proceeding, not an appeal de novo under R.C. 4123.512. *State, ex rel. Ross, v. Industrial Commission* (1999), 84 Ohio St.3d 364[, 703 N.E.2d 1276].

{¶ 29} Mandamus will not issue where the relator has a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28[, 6 O.B.R. 50, 451 N.E.2d 225]. Accordingly, the availability of an appeal to a court of common pleas pursuant to R.C. 4123.512 can bar a mandamus action.

{¶ 30} In *State ex rel. Wheeling–Pittsburgh Steel Corp. v. Indus. Comm.*, 10th Dist. No. 06AP–175, 2007-Ohio-2728[, 2007 WL 1600511], this court had occasion to succinctly summarize current law regarding the availability of an appeal pursuant to R.C. 4123.512:

The Supreme Court of Ohio has narrowly construed R.C. 4123.512 to permit appeal to a common pleas court of only those decisions involving the right of claimant to participate or continue to participate in the workers' compensation system. Indeed, in *Afrates v. Lorain* (1992), 63 Ohio St.3d 22[, 584 N.E.2d 1175], the court held that "[o]nly those decisions reviewable pursuant to R.C. 4123.519 [now 4123.512(A)] are those decisions involving a claimant's right to participate or to continue to participate in the fund." *Id.* at paragraph two of the syllabus.

The court reiterated the rationale of *Afrates* in *Felty v. AT & T Tech., Inc.* (1992), 65 Ohio St.3d 234[, 602 N.E.2d 1141], stating, "[a] decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' The only action by the commission that is appealable under R.C. 4123.519 [now R.C. 4123.512] is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Id.* at 239[, 602 N.E.2d 1141].

In *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276[, 737 N.E.2d 519], the court clearly delineated the issues that are appealable under R.C. 4123.52, stating, "[t]he only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Id.* at 279[, 737 N.E.2d 519]. The court further stated: "Thus, under our most recent precedent, any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." *Id.* at 280[, 737 N.E.2d 519]. The court concluded, "we refuse to obscure the rule that R.C. 4123.512 permits only those appeals that concern whether the employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Id.* at 281[, 737 N.E.2d 519].

Id. at ¶ 15–17.

{¶ 31} In *State ex rel. Abex Corp./Electro Alloys Div. v. Indus. Comm.*, 10th Dist. No. 04AP–1097, 2005-Ohio-6960[, 2005 WL 3550996], this court had occasion to set forth law pertinent to the legal proposition set forth by relator in his brief:

The only question properly on appeal under 4123.512 is whether claimant has the right to participate, or continue to participate, in the fund. R.C. 4123.512(D). As relator points out in its first objection, Ohio courts have held that, where one or more of multiple employers may be liable, the question of which employer is to be charged is not subject to appeal. As the Ohio Supreme Court stated in *State ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 267[, 6 O.B.R. 332], 452 N.E.2d 1341, "[t]he right at issue in the appeal is the right to participate in the state fund and not a claim directed

against a particular employer." Thus, a court of common pleas has no jurisdiction to determine liability among or between employers. See also *Karlowicz v. Die–Matic Corp.* (Oct. 12, 1995), Cuyahoga App. No. 68563[, 1995 WL 601071] ("[t]he decision that one employer rather than another employer is the employer for worker's compensation purposes does not involve the claimant's right to participate in the fund"); *Dunbar Mechanical, Inc. v. Bradford* (Dec. 17, 1993), Lucas App. No. L–93–002[, 1993 WL 553605] ("a common pleas court has no jurisdiction on appeal to review questions regarding allocation of liability among a worker's former employers for workers' compensation benefits paid to the employee"), citing *Moore v. National Castings, Inc.* (Sept. 3, 1993), Lucas App. No. L–92–331[, 1993 WL 332332]; *Bagin v. IRC Fibers Co.* [(1991)], 72 Ohio App.3d 1, 6, 593 N.E.2d 405 ("the question as to which employer is to be charged is not a question appropriate for an appeal"); *City of Youngstown v. DeSalle* (June 23, 1987), Mahoning App. No. 86 C.A. 177[, 1987 WL 13259] (affirming trial court's dismissal of appeal, finding that question as to the employer to be charged was not an appropriate question for appeal). In *State ex rel. Ross v. Indus. Comm.* (1999), 84 Ohio St.3d 364, 368, 703 N.E.2d 1276, the court explained that "[t]he decision in *Burnett* was indeed about decedent's right to participate. He had not proved causation as to any particular employer, according to the commission." Therefore, an appeal was appropriate in *Burnett*. In contrast, the question in *Ross* was one of successor liability as between two companies. Therefore, mandamus was the appropriate remedy. See, also, *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 280, 737 N.E.2d 519 ("[a]ccording to *Ross II*, the identity of the responsible employer's identity can only be challenged in mandamus"). * * *
Id. at ¶ 15–16.

{¶ 32} Given the above authorities, the magistrate shall proceed with this mandamus action under the proposition relator asserts—that this action is not barred by a plain and adequate remedy under R.C. 4123.512.

{¶ 33} Given the above analysis, the issue here is whether the commission abused its discretion in determining that Oakwood is the correct employer rather than Kokosing.

{¶ 34} *Cooper v. Dayton* (1997), 120 Ohio App.3d 34[, 696 N.E.2d 640], a case cited by respondents, is instructive.

{¶ 35} In *Cooper,* the city of Dayton appealed from an October 1996 decision of the Montgomery County Court of Common Pleas that had granted summary judgment in favor of Kevin B. Cooper, a Dayton police officer.

{¶ 36} The appeal in *Cooper* stemmed from an injury Cooper sustained on December 2, 1994, while attempting to stop a shoplifter outside a Groceryland

Store. Cooper was out of uniform and off duty, working as a loss-prevention specialist at the store. He had obtained the part-time security work from a fellow police officer, John D. Pawelski, who acted as an independent contractor supplying the grocery store with off-duty officers to prevent shoplifting. Pawelski's work for Groceryland was conducted on his own time and was unrelated to his work as a police officer. The work consisted primarily of scheduling off-duty officers for morning or afternoon shifts at the store, recording the officers' hours worked, and billing Groceryland for the security work.

{¶ 37} While working as a security specialist on December 2, 1994, Cooper observed a shopper stealing meat. Cooper followed the shopper outside into the parking lot, and the shopper entered a vehicle driven by a second person. The two suspects then attempted to leave. In response, Cooper drew his service revolver, identified himself as a police officer, displayed his badge, and ordered the suspects to place their hands in the air. Rather than complying, the two suspects sped toward Cooper, who jumped onto the car's hood. The driver then braked hard in front of the store at Troy and Stanley streets, causing Cooper to be thrown to the pavement. As a result of the incident, Cooper suffered lacerations, abrasions, a contusion to the knee, and a tibial fracture.

{¶ 38} Following his injury, Cooper filed an application for workers' compensation benefits with the bureau, identifying the city of Dayton as his employer and listing his occupation as "police officer." The bureau then allowed the claim against the city. A DHO and SHO denied appeals, and the commission refused to hear the city's appeal from the SHO's order. Subsequently, the city filed an appeal in the Montgomery County Court of Common Pleas.

{¶ 39} In *Cooper*, the Court of Appeals applied a "totality of the circumstances" test, which the court explained:

We begin our resolution of the city's argument with a brief review of the Ohio Supreme Court's *Lord* [v. *Daugherty* (1981), 66 Ohio St.2d 441[, 20 O.O.3d 376], 423 N.E.2d 96] and *Fisher* [v. *Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271] opinions. In those two cases, the court attempted to clarify R.C. 4123.01(C), which authorizes workers' compensation coverage for any injury "received in the course of, and arising out of, the injured employee's employment." In *Fisher*, the court first recognized the historical significance of the phrases "in the course of" and "arising out of," stating:

"Ohio's workers' compensation statute, as do those of the vast majority of states, contains the basic coverage formula: 'in the course of, and arising out of,' employment. A leading scholar in this area of the law, Professor Larson, has noted that '[t]he heart of every compensation act, and the source of most litigation in the compensation field, is the coverage formula. * * * Few

groups of statutory words in the history of law have had to bear the weight of such a mountain of interpretation as has been heaped upon this slender foundation. * * *' 1 Larson, The Law of Workmen's Compensation (1984) 3–1 to 3–3, Section 6.10." *Fisher, supra,* 49 Ohio St.3d at 276, 551 N.E.2d at 1273.

The significance of the two phrases stems from the Ohio Supreme Court's long-standing recognition that "[a]n injury sustained by an employee is compensable under the Workers' Compensation Act only if it was 'received in the course of, and arising out of, the injured employee's employment.'" Id. at 276, 551 N.E.2d at 1273; *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 449.

In *Lord v. Daugherty, supra,* the Ohio Supreme Court addressed the "arising out of" element, finding that the phrase imposed a causal-connection requirement. The court then applied a "totality of the circumstances" test to determine the existence of a causal connection between an employee's injury and his employment:

"[W]hether there is a sufficient 'causal connection' to justify the injured party's right to participate in the Workers' Compensation Fund depends upon the 'totality of the facts and circumstances' regarding the accident. Such circumstances include: (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord, supra,* 66 Ohio St.2d at 444, 20 O.O.3d at 378, 423 N.E.2d at 98.

The *Fisher* court explained, however, that the foregoing factors are "illustrative" rather than "exhaustive." *Fisher, supra,* 49 Ohio St.3d at 279, 551 N.E.2d at 1275, fn. 2. Concerning the "in the course of" element, the *Fisher* court interpreted the phrase as relating to the time, place, and circumstances of the injury. Id. at 277, 551 N.E.2d at 1274. The court also recognized the "conjunctive nature of the coverage formula 'in the course of and arising out of' the employment." Id.

*Cooper,* 120 Ohio App.3d at 40–41[, 696 N.E.2d 640].

{¶ 40} *Cooper* then stated:

After reviewing the record and the foregoing criteria, we conclude that Cooper acted "in the course of" his city employment and that the injury "arose out of" that employment. In reaching this conclusion, we first acknowledge that the *Lord–Fisher* analysis works best when an employee holds only one job and the sole issue is whether the employee's injury stemmed from his employment. In the present case, however, Cooper worked full-time as a police officer and moonlighted as a loss-prevention specialist. The two jobs admittedly share some similar characteristics. Nevertheless, after applying the appro-

priate factors and considering the totality of the circumstances, we find Cooper's injury more closely related to his city employment than his Groceryland work.

Id. at 44, 696 N.E.2d 640.

{¶ 41} Examining the SHO's order of December 8, 2008, we do not see that the SHO applied the three factors of the "totality of the circumstances" test. The SHO's order does not mention the totality-of-the-circumstances test, nor does the order identify any of the three factors of the test.

{¶ 42} In reaching his conclusion that Oakwood, rather than Kokosing, is the employer, the SHO points to the unrecorded testimony of a Mr. Schloss, a Kokosing supervisor, that Kokosing was directed by a Sergeant Biggam of the Oakwood Police Department to use Oakwood police officers for traffic control rather than Ohio State Highway Patrol officers. Sergeant Biggam identified claimant as an officer appropriate for the duty and arranged for claimant's use of an Oakwood cruiser. Claimant was wearing his Oakwood uniform while maintaining traffic control at the Kokosing construction site. The SHO further points out that claimant would not have been present at the accident had he not been an Oakwood officer in uniform with an Oakwood cruiser.

{¶ 43} While the SHO's order provides some relevant analysis, it is clear that the order fails to analyze all the factors of the totality of the circumstances test. It is clear that the SHO's order fails to analyze the benefits that either Oakwood and/or Kokosing may have received from claimant's presence at the injury scene. The order also seems to ignore the degree of control that Oakwood and Kokosing may have had at the construction site. The proximity factor is likewise ignored.

{¶ 44} Given the apparent failure of the commission, through its SHO, to perform an analysis under the totality-of-the circumstances test, the magistrate decides that this court should issue a writ of mandamus ordering the commission to vacate that portion of its SHO's order of December 8, 2008 that determines relator to be the correct employer, and in a manner consistent with this magistrate's decision, enter an amended order that sets forth an analysis under the totality-of-the circumstances test.

*/S/ Kenneth W. Macke*
KENNETH W. MACKE
MAGISTRATE