DECISION
{¶ 1} Relator, Abex Corporation/Electro Alloys Division, dba Whitman Corporation, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its allowance order to the extent that it finds relator to be the sole liable employer in the claim, to join other former employers of respondent-claimant, Michael J. Barvincak ("claimant"), where he may have been injuriously exposed to asbestos, and to enter an amended order that determines employer liability for claimant's inoperable mesothelioma.
 {¶ 2} The court referred this matter to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) The magistrate concluded that relator had a plain and adequate remedy at law by way of an R.C. 4123.512 action in the court of common pleas or, alternately, by way of an appeal of any court of common pleas judgment to the court of appeals having appellate jurisdiction over the court of common pleas. In 2001, relator filed a notice of appeal in the Cuyahoga County Court of Common Pleas and thereafter moved to join claimant's last employer, Manoir-ElectroAlloys Corp. ("Manoir"), as a defendant in the action. However, by entry on January 21, 2004, the Lorain County Court of Common Pleas (nothing in our record explains why or how the action was moved to Lorain County) denied relator's motion. Nevertheless, the magistrate concluded that relator had an adequate remedy at law to challenge the court of common pleas ruling by appealing the decision. On these grounds, the magistrate recommended denial of a writ of mandamus.
 {¶ 3} Relator filed three objections to the magistrate's decision:
I. RELATOR HAS NO ADEQUATE REMEDY AT LAW, SINCE THE INDUSTRIAL COMMISSION'S FAILURE TO INCLUDE ALL OF RESPONDENT, MICHAEL BARVINCAK'S EMPLOYERS AS PARTIES TO THE CLAIM
DOES NOT AFFECT HIS RIGHT TO PARTICIPATE IN THE [WORKERS'] COMPENSATION FUND, AND IS THEREFORE NOT AN ISSUE SUBJECT TO APPEAL TO THE COURT OF COMMON PLEAS.
II. RELATOR HAS NO ADEQUATE REMEDY AT LAW, SINCE THE JUDGMENT ENTRY FROM THE TRIAL COURT WAS NOT SUBJECT TO APPEAL UNTIL A DECISION ON THE MERITS HAD BEEN RENDERED BY THE TRIAL COURT; HOWEVER, BEFORE THAT OCCURRED, RELATOR'S APPEAL OF THE INDUSTRIAL COMMISSION'S DECISION TO THE COURT OF COMMON PLEAS WAS VOLUNTARILY DISMISSED BY RESPONDENT, MICHAEL BARVINCAK.
III. THE MANDAMUS ACTION IS NOT PREMATURE, AND A WRIT IN MANDAMUS IS THE ONLY WAY TO PROVIDE ALL [OF] RESPONDENT, MICHAEL BARVINCAK'S EMPLOYERS WITH A FULL AND FAIR HEARING ON THIS ISSUE.
 {¶ 4} Having made an independent review of the record, we adopt the magistrate's findings of fact. However, before addressing relator's objections, we will recap briefly the procedural history of this case.
 {¶ 5} On November 30, 1999, claimant filed an occupational disease claim in which he alleged that he developed mesothelioma as a result of his occupational exposure to asbestos. Claimant identified five employers for whom he had worked between 1959 and 1989. Claimant identified "Abex/Electric Alloys" as his employer between 1976 and 1999, with the exception of 1987 to 1989.
 {¶ 6} By letter dated August 4, 2000, relator's counsel requested that the commission notice all of the other employers when the matter was set for hearing. Relator's counsel stated that Whitman Corporation sold Abex Corporation in August 1988, when Abex became Electric Alloys or Manoir Electro Alloys. "In either event," the letter stated: "[C]laimant's alleged last injurious exposure to asbestos may have taken place with the successor corporation and they should be noticed on the hearing and their new risk number listed." However, in response to a request for continuance by relator, the hearing administrator stated: "Proper employer has been noticed."
 {¶ 7} Following a hearing held on May 14, 2001, a district hearing officer ("DHO") allowed the claim for "inoperable mesothelioma" and found relator to be the sole liable employer on the claim. The DHO found "that given the required latency period claimant's last injurious exposure to asbestos was with his employment at Abex where he worked with asbestos as a pattern maker from 1976 to 1987 * * *. Therefore, the correct employer is hereby found to be Abex Corporation."
 {¶ 8} Following a hearing on July 23, 2001, a staff hearing officer ("SHO") modified the DHO's order. In pertinent part, the SHO's order provided:
[SHO] further finds that the correct employer is Abex Corporation (the self-insured entity). [SHO] finds that, given the long latency period required to develop asbestosis, the last injurious exposure was during injured worker's employment with Abex between 1976 and 1987.
 {¶ 9} As noted above, on October 12, 2001, relator filed a notice of appeal in the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512. On January 21, 2004, the Lorain County Court of Common Pleas issued a judgment entry, which reflects that relator filed a motion to join claimant's last employer as a defendant in the action. Relator also moved to dismiss the action on the grounds that claimant did not assert a claim against Manoir, a necessary and indispensable party. The court of common pleas found that it did not have jurisdiction to consider which employer, if any, is responsible for claimant's occupational disease. Therefore, the court denied relator's motions, and relator thereafter filed this mandamus action. As noted, the magistrate recommended denial of the requested writ because relator has an adequate remedy at law by way of an appeal from a common pleas judgment.
 {¶ 10} The parties recently supplemented the record before this court, indicating that claimant died in August 2005. Claimant did not re-file the common pleas action prior to his death.
 {¶ 11} In order for mandamus to issue, the relator must demonstrate that: (1) the relator has a clear legal right to the relief requested; (2) respondents are under a clear legal duty to perform the acts requested; and (3) relator has no plain and adequate remedy at law. State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 29. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. State ex rel. Elliott v. Indus.Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains "some evidence" to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co.
(1987), 29 Ohio St.3d 56.
 {¶ 12} Here, relator objects to the magistrate's determination that it has an adequate remedy at law. As to that issue, relator argues that it has no remedy at law because: (1) a court of common pleas lacks jurisdiction to determine whether other employers may also be responsible; and (2) claimant voluntarily dismissed his complaint on October 15, 2004, thus dismissing any opportunity for relator to appeal the court's January 21, 2004 judgment entry. In response, the commission does not address the jurisdictional question directly and asserts only that relator "has the option of having the trial court order [claimant] in that action to re-file his complaint. Then the issue of the correct employers can be litigated there and in the court of appeals, if necessary." The commission cites to no procedural rule or court decision to support its assertion that the trial court can order a claimant to re-file.
 {¶ 13} R.C. 4123.512 allows a claimant or the employer to appeal an order of the commission to the court of common pleas in the county where, if the claim is for an occupational disease, the exposure occurred. Within 30 days of notice of the appeal, the claimant must file a petition containing a statement of facts showing a cause of action to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. The rules of civil procedure thereafter control further pleadings. The court or jury ultimately determines the right of the claimant to participate in the fund. In Kaiser v.Ameritemps, Inc. (1999), 84 Ohio St.3d 411, 413, the court explained:
* * * R.C. 4123.512 provides a unique process for an appeal to the court of common pleas regarding a claimant's right to participate in the State Insurance Fund. It gives the claimant or the employer the right to appeal a decision of the Industrial Commission to the court of common pleas. However, regardless of whether the claimant or the employer appeals the decision of the Industrial Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * *
 {¶ 14} Civ.R. 41(A) gives a plaintiff a one-time opportunity to dismiss a complaint without prejudice. Any subsequent dismissal constitutes an adjudication on the merits of the complaint. In Kaiser, the Ohio Supreme Court held that Civ.R. 41(A) applies to a claimant in an action filed under R.C.4123.512, even where the employer filed the appeal. Therefore, "a claimant, as the plaintiff, may * * * voluntarily dismiss his complaint under Civ.R. 41(A)(1)(a)." Id. at 415. In response to the employer's arguments that employers could suffer an undue burden where a claimant dismissed a petition but continued to receive benefits, the court noted that R.C. 4123.512(H) guarantees that any illegitimate payments will be repaid. The court further found that:
* * * [A]n employee cannot perpetually delay refiling after a voluntary dismissal because the savings statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. * * * If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. * * * The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint.
Id.
 {¶ 15} The only question properly on appeal under R.C.4123.512 is whether claimant has the right to participate, or continue to participate, in the fund. R.C. 4123.512(D). As relator points out in its first objection, Ohio courts have held that, where one or more of multiple employers may be liable, the question of which employer is to be charged is not subject to appeal. As the Ohio Supreme Court stated in State ex rel.Burnett v. Indus. Comm. (1983), 6 Ohio St.3d 266, 267, "[t]he right at issue in the appeal is the right to participate in the state fund and not a claim directed against a particular employer." Thus, a court of common pleas has no jurisdiction to determine liability among or between employers. See, also,Karlowicz v. Die-Matic Corp. (Oct. 12, 1995), Cuyahoga App. No. 68563 ("[t]he decision that one employer rather than another employer is the employer for worker's compensation purposes does not involve the claimant's right to participate in the fund");Dunbar Mechanical, Inc. v. Bradford (Dec. 17, 1993), Lucas App. No. L-93-002 ("a common pleas court has no jurisdiction on appeal to review questions regarding allocation of liability among a worker's former employers for workers' compensation benefits paid to the employee"), citing Moore v. National Castings, Inc.
(Sept. 3, 1993), Lucas App. No. L-92-331; Bagin v. IRC FibersCo. (1990), 72 Ohio App.3d 1, 6 ("the question as to which employer is to be charged is not a question appropriate for an appeal"); City of Youngstown v. DeSalle (June 23, 1987), Mahoning App. No. 86 C.A. 177 (affirming trial court's dismissal of appeal, finding that question as to the employer to be charged was not an appropriate question for appeal).
 {¶ 16} In State ex rel. Ross v. Indus. Comm. (1999),84 Ohio St.3d 364, 368, the court explained that "[t]he decision inBurnett was indeed about decedent's right to participate. He had not proved causation as to any particular employer, according to the commission." Therefore, an appeal was appropriate inBurnett. In contrast, the question in Ross was one of successor liability as between two companies. Therefore, mandamus was the appropriate remedy. See, also, State ex rel. Liposchakv. Indus. Comm. (2000), 90 Ohio St.3d 276, 280 ("[a]ccording toRoss II, the identity of the responsible employer's identity can only be challenged in mandamus"). Thus, based on these decisions, as the Lorain County Court of Common Pleas held, a common pleas court does not have jurisdiction to determine whether claimant should have named, or the commission should have noticed, additional employers. On these grounds, we find that relator has no plain and adequate remedy at law, and we sustain relator's first objection to the magistrate's decision. As it is unnecessary for us to consider relator's remaining objections, we turn to the question whether relator has a clear legal right to the requested relief.
 {¶ 17} Before the magistrate, relator carefully detailed the commission's failure to notice any other employers, even after relator informed the commission that a change in the employer's ownership had occurred in 1988. Relator also detailed the lack of any evidence to support the DHO's finding that relator was solely liable for claimant's disease. In response, the commission expressly agreed with, adopted, and incorporated by reference relator's statement of the facts in this matter. As to relator's legal arguments, the commission's only response was the following: "Whereas it might be appropriate for all of the relevant employers to be included in the administrative proceedings, it certainly would not be appropriate for this court to substitute its own finding as to which entity is the proper employer for that of the commission's, which is the sole fact-finder in such matters."
 {¶ 18} Based on our independent review of the record, we find no evidence to support the commission's finding that, "given the long latency period required to develop asbestosis, the last injurious exposure was during injured worker's employment with Abex between 1976 and 1987." The SHO's order states that it is "based on the medical records of Fairview Hospital, the 7/26/2000 report of Dr. Bedrossian, and the 3/28/2001 report of Dr. Weiner." However, these records do not support the SHO's finding.
 {¶ 19} The Fairview Hospital records indicate the following as claimant's occupational history: "From 1968 to the present, he has been involved in steel foundry work and makes patterns and states he is exposed to wood dust. From 1968 to 1968 [sic], he worked in the medical [corps] for the United States Navy." The hospital records clearly support a diagnosis of inoperable mesothelioma. Dr. Bedrossian's July 26, 2000 report refers generally to claimant's work "as a steel foundry worker, making patterns and performing other jobs that brought him into contact with asbestos products." The report supports a claim of malignant mesothelioma, which occurred as a result of exposure to asbestos in the course of employment. Dr. Bedrossian's March 11, 2001 report refers to claimant's exposure "while employed at A-Bex Corporation, Electric Alloy, located in Elyria, Ohio." Dr. Bedrossian's report also refers to an affidavit by a co-worker, Robert Behnke. Behnke's affidavit states: "From 1965 until 1999, I worked at A-Bex Corporation, also known as Park Corporation (Electric Alloy), located at the corners of Taylor and Abbey Road in Elyria, Ohio." It further states that Behnke worked with claimant in 1979, when they both worked in the pattern shop of "A-Bex Corporation." Finally, Dr. Weiner's March 28, 2001 report found that "[t]he findings in the chart do support the existence of malignant mesothelioma due to the patient's employment as a pattern maker at ABEX/ELECTRO ALLOYS from 1976 until 1999."
 {¶ 20} The medical reports clearly support claimant's claim for inoperable mesothelioma that occurred as a result of occupational exposure to asbestos, and we do not disturb the commission's allowance of that claim. However, none of the medical reports cited by the SHO identify Abex and/or ElectroAlloys with specificity sufficient to determine whether claimant's employment with relator was the sole cause of claimant's injurious exposure. The medical records do not specify the injurious exposure as occurring between 1976 and 1987. They do not identify the latency period applicable to mesothelioma, and they do not diagnose claimant as having asbestosis. Thus, the SHO had no evidence to support the finding that, "given the long latency period required to develop asbestosis, the last injurious exposure was during injured worker's employment with Abex between 1976 and 1987." Therefore, we find that the commission abused its discretion, and relator has a right to relief.
 {¶ 21} For all of these reasons, we sustain relator's first objection to the magistrate's decision, and we find that we need not address relator's other objections. We grant a limited writ of mandamus ordering the commission to: (1) vacate its allowance order only to the extent that it finds relator to be the sole liable employer in the claim; (2) notice claimant's other former employers where claimant may have been injuriously exposed to asbestos; and (3) enter an amended order that adjudicates employer liability for claimant's inoperable mesothelioma.
Objection sustained, limited writ of mandamus granted.
Bryant and Travis, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Abex Corporation/Electro Alloys Division, : Relator, : :
v. : No. 04AP-1097 :
Industrial Commission of Ohio, : (REGULAR CALENDAR) [Tina Kielmeyer], Administrator, : Bureau of Workers' Compensation : and Michael J. Barvincak, : :
Respondents. :
 MAGISTRATE'S DECISION Rendered on August 25, 2005 Scheuer, Mackin Breslin, LLC, J. Kent Breslin and Eric A.Rich, for relator.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondents Industrial Commission of Ohio and Bureau of Workers' Compensation.
Kelley Ferraro, LLP, Robert A. Marcis, II and Cory W.Frost, for respondent Michael J. Barvincak.
 IN MANDAMUS {¶ 22} In this original action, relator, Abex Corporation/Electro Alloys Division, dba Whitman Corp., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its allowance order to the extent that it finds relator to be the sole liable employer in the claim, to join other former employers of respondent Michael J. Barvincak ("claimant") where he may have been injuriously exposed to asbestos, and to enter an amended order that determines employer liability for respondent's "inoperable mesothelioma."
Findings of Fact:
 {¶ 23} 1. On November 30, 1999, claimant filed an occupational disease claim in which he alleged that he developed mesothelioma as a result of his occupational exposure to asbestos. The claim form requires the applicant to name the employer. In response, claimant named relator as his employer. He also attached a sheet or schedule on which he listed the names of employers and the years he worked:
JOBSITE CITY STATE YEARS WORKED
U.S. Navy 5/59 to 3/68
 Decorative Supply Cleveland OH 1968-1972 Studio
Modern Pattern Cleveland OH 1972-1975
 Abex/Electric Elyria OH 1976-1999 Alloys
American Crucible Lorain OH 1987-1989
 {¶ 24} 2. On July 26, 2000, Carlos W.M. Bedrossian, M.D., a consulting pathologist, wrote:
* * * Mr. Barvincak was with the U.S. Navy between 1959 and 1968, and, upon getting out of the service worked as a steel foundry worker making patterns and performing other jobs that brought him into contact with asbestos products. * * *
* * *
The constellation of Mr. Barvincak's clinical, radiologic and pathologic findings are consistent with malignant meso-thelioma. His latency period is well withing [sic] the latency period of previous examples of asbestos-related malignant mesolthelioma, an incurable tumor that is invariably fatal in its biologic behavior. I conclude, therefore, that Mr. Barvincak contracted mesothelioma, secondary to his asbestos exposure in the work place. It is also my opinion, based on a reasonable degree of medical probability, that Mr. Barvincak's prognosis is grim and that he will expire as a result of his cancer, occupationally related to asbestos.
 {¶ 25} 3. By letter dated August 4, 2000, addressed to the commission, relator's counsel requested:
* * * [T]hat these other employers be named and noticed when this matter is set for hearing on the issue of allowance of the claim. These employers were listed as Exhibit A attached to claimant's FROI-1. Those employers are:
1. American Crucible in Lorain, Ohio;
2. Electric Alloys in Elyria, Ohio;
3. Modern Pattern in Cleveland, Ohio; and
4. Decorative Supply Studio in Cleveland, Ohio.
With respect to Electric Alloys, this corporation is thesuccessor to Abex. Whitman Corporation sold Abex Corporation on August 28, 1988 and it became, alternatively, Electric Alloys or Manoir Electro Alloys. In either event, claimant's alleged last injurious exposure to asbestos may have taken place with the successor corporation and they should be noticed on the hearing and their new risk number listed.
Therefore, I would appreciate it if you would notice all of the above employers for hearing when this matter is sent [sic] on the issue of allowance of the claim.
(Emphasis sic.)
 {¶ 26} 4. On March 28, 2001, David M. Weiner, M.D., wrote: "The findings in the chart do support the existence of malignant mesothelioma due to the patient's employment as a pattern maker at ABEX/ELECTRO ALLOYS from 1976 until 1999." (Emphasis sic.)
 {¶ 27} 5. A hearing before a district hearing officer ("DHO") was scheduled for May 14, 2001. Relator requested a continuance of the hearing on grounds that the commission had failed to notice the other employers for the hearing as relator had requested.
 {¶ 28} 6. By order mailed May 12, 2001, the Cleveland hearing administrator denied a continuance explaining: "Proper employer has been noticed." Apparently, only relator was noticed for the hearing.
 {¶ 29} 7. The hearing was held on May 14, 2001 as scheduled. Claimant testified at the hearing regarding his work history and occupational exposure to asbestos. The hearing was recorded and transcribed for the record.
 {¶ 30} 8. Following the hearing, the DHO issued an order allowing the claim for "inoperable mesothelioma," and finding relator to be the sole liable employer on the claim. The DHO explained:
The District Hearing Officer finds that it is uncontroverted that claimant suffers from inoperable mesothelioma that was diagnosed on or about 07/20/1999 at Fairview General Hospital. This District Hearing Officer further finds that given the required latency period claimant's last injurious exposure to asbestos was with his employment at Abex where he worked with asbestos as a pattern maker from 1976 to 1987 as testified to by claimant at today's hearing and corroborated by a coworker's affidavit from Robert Behnke executed on 02/05/2001. Therefore, the correct employer is hereby found to be Abex Corporation.
The date of diagnosis is 07/20/1999.
It is the finding of the District Hearing Officer, that the claimant contracted an occupational disease in the course of and arising out of employment described as follows: repeated exposure to asbestos as a pattern maker.
That the claim be allowed for: INOPERABLE MESO-THELIOMA
* * *
This order is based on Dr. Weiner's 03/28/2001 report, Fairview Hospital biopsies, records and reports commencing July of 1999 and Dr. Bedrossians' 07/26/2000 report.
(Emphasis sic.)
 {¶ 31} 9. Relator administratively appealed the DHO's order of May 14, 2001.
 {¶ 32} 10. Following a July 23, 2001 hearing, a staff hearing officer ("SHO") issued an order stating that the DHO order of May 14, 2001 was being modified. The SHO's order states:
Staff Hearing Officer further finds that the correct employer is Abex Corporation (the self-insured entity). Staff Hearing Officer finds that, given the long latency period required to develop asbestosis, the last injurious exposure was during injured worker's employment with Abex between 1976 and 1987.
Staff Hearing Officer finds that injured worker has met the burden of proof that he contracted a compensable occupational disease in the course of his employment. Staff Hearing Officer further finds that there is sufficient medical evidence to causally relate the condition to his employment.
The claim is allowed for INOPERABLE MESOTHELIOMA.
* * *
This order is based on the medical records of Fairview Hospital, the 07/26/2000 report of Dr. Bedrossian, and the 03/28/2001 report of Dr. Weiner. All the evidence, testimony, and arguments submitted as of the date of this hearing have been reviewed and evaluated to render this decision.
(Emphasis sic.)
 {¶ 33} 11. On August 29, 2001, another SHO mailed an order refusing relator's administrative appeal from the SHO order of July 23, 2001.
 {¶ 34} 12. On October 12, 2001, relator filed a notice of appeal in the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512.
 {¶ 35} 13. The parties have stipulated to the following judgment entry filed on January 21, 2004, in the Lorain County Court of Common Pleas.[1] That entry states in its entirety:
This matter came on for consideration on the Motions of Defendant Abex Corporation/Electrical Alloys (hereinafter referred to as "Abex") for Joinder, filed June 4, 2003, and to Dismiss, filed June 7, 2002. In its Motion for Joinder, Abex asserts that it should be permitted to join Manoir-ElectroAlloys Corp. (hereinafter referred to as "Manoir"), Plaintiff's last employer, as a Defendant in this matter. Abex asserts that Manoir needs to be a party to this matter because it was Plaintiff's last employer and Abex believes Manoir was the last of Plaintiff's employers who contributed to causing Plaintiff's illness.
In its Motion to Dismiss, Abex asserts that Plaintiff's suit should be dismissed because Plaintiff did not assert a claim against Manoir, an alleged necessary and indispensable party. Abex asserts that Manoir is a necessary and indispensable party for the same reason it attempts to join Manoir, because it was Plaintiff's last employer.
The first issue to be considered on Abex's Motions is whether The Industrial Commission considered and denied Abex's administrative appeal on whether Abex was the appropriate responsible employer under the "last injurious employer" rule. Based upon the Court's review of the decision of the Industrial Commission below, this Court finds that the Commission did deny Abex's administrative appeal on the issue of whether Abex was properly found liable under the "last injurious employer" rule.
The second issue for this Court to consider is based upon the objection to joinder filed by Defendant Bureau of Workers' Compensation, which asserts that the only issue that can be considered by this Court or its jury is whether Plaintiff has the right to participate in the Workers' Compensation system for a specific medical condition. The Ohio Supreme Court has answered this issue differently over the last 30 years. However, this Court determines that the proper present interpretation of an R.C. 4123.512 appeal is that the only issue to be considered is whether an employee has the right to participate in the Workers' Compensation system for a specific medical condition. Felty v.ATT Technologies, Inc. (1992), 65 Ohio St.3d 234. Abex may be entitled to pursue a declaratory judgment or mandamus action on the issue of which former employer is responsible for Plaintiff's occupational disease, but this court does not have jurisdiction over that issue in this R.C. 4123.512 appeal.
As this Court is without jurisdiction to consider which employer, if any, is responsible for Plaintiff's alleged occupational disease, the issue of the joinder of another of Plaintiff's employers is moot. In addition, because this Court is without jurisdiction to determine which, if any, employer is liable for Plaintiff's claim, Manoir is not a necessary and indispensable party, and Plaintiff's Complaint is not defective for having failed to include Manoir as a party. Accordingly, Abex's Motions for Joinder and to Dismiss are denied. Status conference remains scheduled for February 3, 2004 at 11:00 a.m.
 {¶ 36} 14. On October 7, 2004, relator filed this mandamus action.
Conclusions of Law:
 {¶ 37} Relator has a plain and adequate remedy at law by way of an R.C. 4123.512 action in common pleas court or, in the alternative, by way of an appeal of any common pleas court judgment to the court of appeals having appellate jurisdiction over the common pleas court. Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 38} In State ex rel. Burnett v. Indus. Comm. (1983),6 Ohio St.3d 266, the court, in addressing former R.C. 4123.519
(now R.C. 4123.512) stated: "The appeal proceeding is a trial denovo and the Civil Rules apply. By discovery and joinder, the proper employers can be ascertained and made parties, if necessary." Id. at 267.
 {¶ 39} In Gradwell v. A.S. Helbig Construction Co. (1989),62 Ohio App.3d 197, the court, citing Burnett, held that, in an action under former R.C. 4123.519, the widow claiming death benefits was entitled to join additional employers as parties to the appeal in the common pleas court.
 {¶ 40} In Schmieg v. Ohio Dept. of Human Servs. (2000), Franklin App. No. 00AP-561, this court, citing Gradwell, also recognized: "An Industrial Commission appeal has other characteristics not common to the typical administrative appeal. For example, on appeal, an Industrial Commission claimant is permitted to join additional employers as necessary parties."
 {¶ 41} The magistrate recognizes that the Supreme Court of Ohio, in State ex rel. Ross v. Indus. Comm. (1999),84 Ohio St.3d 364, held that mandamus was the appropriate action for a widow to challenge the commission's denial of her death claim where she had conclusively established that her husband's death arose from his employment with a company that had ceased to exist (Pioneer Contracting Corporation) and the only true issue was the employer's present identity. Relator fails to address or even cite Ross.
 {¶ 42} In the magistrate's view, the Ross decision does not undermine the legal proposition that additional employers can be joined in an R.C. 4123.512 appeal. Moreover, Ross appears to be relevant to the jurisdictional issue that concerned the common pleas court although the case is not cited in the court's entry.
 {¶ 43} Here, relator suggests that it no longer has an adequate remedy in the R.C. 4123.512 appeal because the common pleas court denied its motion to join Manoir/Electro Alloys Corp. to the R.C. 4123.512 appeal and stated that relator may "be entitled to pursue a declaratory judgment or mandamus action on the issue of which former employer is responsible." (Relator's amended brief at 9.) Relator's suggestion is incorrect.
 {¶ 44} Relator has an adequate remedy to challenge the rulings of the common pleas court in the court of appeals having appellate jurisdiction over the common pleas court.
 {¶ 45} In the event that the common pleas court ruling regarding joinder of additional employers is upheld by the appellate court having jurisdiction over the case, relator could establish the appellate court's decision as the law of the case. Depending on the result of the appellate court's decision, it is conceivable that relator could show at some future point that he no longer has an adequate remedy by way of an R.C. 4123.512
appeal.
 {¶ 46} Given the above analysis, it is also clear that this mandamus action is at best premature. See State ex rel. ElyriaFoundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88.
 {¶ 47} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
[1] Relator does not explain how the notice of appeal filed in the Cuyahoga County Court of Common Pleas resulted in an entry from the Lorain County Court of Common Pleas. See "Agreed Stipulation of Evidence" at page 53.